**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

JERMAINE BRYANT,                :
                                :    Civil Action No. 04-6055 (SRC)
            Plaintiff,          :
                                :
        v.                      :    **OPINION**
                                :
ROY L. HENDRICKS,               :
                                :
            Defendant.          :

**APPEARANCES:**

   Jermaine Bryant, Plaintiff pro se
   # 259250 949312B
   New Jersey State Prison
   P.O. Box 861
   Trenton, New Jersey 08625

**CHESLER**, District Judge

Plaintiff, Jermaine Bryant ("Bryant"), a state prisoner confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on plaintiff's affidavit of indigence, the Court will allow Bryant to proceed in forma pauperis and will order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, as filed by Bryant, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I. BACKGROUND

Bryant brings this civil rights action under 42 U.S.C. § 1983 as against defendant Roy L. Hendricks, Administrator at the New Jersey State Prison ("NJSP"), where plaintiff is confined and the place where the incident at issue occurred.  The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

During a search of plaintiff's cell block for cell phones, plaintiff's radio was opened and damaged by NJSP correctional officers.  Bryant was told to submit his radio to the T.V. repair shop and if it could not be fixed, then he was advised to submit a claim form.  On July 8, 2004, Bryant was issued a charge of $210.00 for repair of his radio.  The fee charge was dismissed and the radio was returned to plaintiff.

However, plaintiff was later told that he could not keep his radio because it had a car speaker in it, which plaintiff denies. Bryant received an approved letter from the policy department at NJSP from Ms. Coleman Cruz for the radio's return to plaintiff, but the radio was not returned.  It appears that the radio may have eventually been returned to plaintiff, but is was damaged to the extent that it does not work.

Bryant seeks damages in the amount of $500.00 for compensatory damages and $400.00 in direct damages for the cost of parts to repair the radio.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all

---

[1] Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

3

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim;

district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

Bryant's claim alleges a loss of property in violation of his constitutional right to due process. An inmate may be able to establish an unconstitutional deprivation of property by showing confiscation of materials either in retaliation for the exercise of constitutional rights or where, as a result, there was a denial of access to the courts. See Hodgin v. Agents of Montgomery County, 619 F. Supp. 1550, 1553-54 (E.D. Pa. 1985). Absent proof of retaliation or denial of access, which have not been alleged in this action, Bryant must demonstrate that the loss or damage to his radio amounted to a violation of procedural due process.

The Due Process Clause prohibits a state or local government entity from depriving a person of property without due process of law. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). To analyze a due process claim, a Court conducts a familiar two-part inquiry: a Court determines whether the plaintiff "was deprived of a protected interest, and, if so, what process was his due." Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982); see also Holman v. Hilton, 712 F.2d 854, 858 (3d Cir. 1983).

Property loss caused by the intentional acts of government officials does not give rise to a procedural due process claim under § 1983 where a post-deprivation remedy satisfying minimum

procedural due process requirements is available under state law. See Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)); see also Zinermon v. Burch, 494 U.S. 113, 115 (1990); Hudson v. Palmer, 468 U.S. 517 (1984); Holman, 712 F.2d at 856.[2] The New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1 et seq., provides a post-deprivation judicial remedy to persons who believe they were deprived of property at the hands of the State or local government. In this case, Bryant's recourse after his personal property was confiscated and damaged would be a common-law tort action against the defendant under the New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:1-1 et seq. Bryant does not indicate that he attempted to file a claim pursuant to the New Jersey Tort Claims Act. Rather, he alleges that he filed informal inmate grievances with the NJSP Ombudsman and other administrators.

---

[2] In Logan, the Supreme Court explained, however, that post-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action. 455 U.S. at 435-36. But see Tillman v. Lebanon Co. Correctional Facility, 221 F.3d 410, 421 n.12 (3d. Cir. 2000) (citing United States v. James Daniel Good Real Property, 510 U.S. 43, 53 (1993)) (in "extraordinary situations" such as routine deduction of fees from a prisoner's account even without authorization, post-deprivation remedies may be adequate). There is nothing in the Complaint to suggest that loss of plaintiff's property was accomplished pursuant to established state procedure; nor has this Court located any such established procedure.

Accordingly, the Court finds that the NJTCA was available to Bryant as a matter of law as a remedy for his alleged property loss at the hands of the defendants.[3]  See Holman, 712 F.2d at 857; Asquith v. Volunteers of America, 1 F. Supp.2d 405, 419 (D.N.J. 1998), aff'd 186 F.3d 407 (3d Cir. 1999).  Because the NJTCA provided all the process that was due for Bryant's alleged property loss, plaintiff's loss of property claim should be dismissed for failure to state a claim upon which relief may be granted.

## V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  An appropriate order follows.

                                          s/
                                    STANLEY R. CHESLER
                                    United States District Judge

Dated: 6/20/04

---

[3] Plaintiff's due process claim fails as a matter of law even if he is presently barred from pursuing his claims under the NJTCA on the ground that he failed to file a tort claim notice within 90 days of accrual of the claim, as required by N.J. STAT. ANN. §§ 59:8-1 to 59:8-11.  See Logan, 455 U.S. at 437; Holman, 712 F.2d at 857 & n.3.